**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NAIYANA V. GRAVELY, D.O., | ) | CASE NO. 1:22-CV-01588 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| ALAINA M. THIEL, M.D., *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

Before the Court is a motion to dismiss Plaintiff Naiyana Graveley's complaint against Defendants Alaina M. Thiel, M.D. ("Dr. Thiel"), Kathleen M. Fay, M.D. ("Dr. Fay"), Melanie K. Bortell, D.O. ("Dr. Bortell"), Cynthia S. Kelley, D.O. ("Dr. Kelley"), and Paul D. Chenowith, D.O. ("Dr. Chenowith," and collectively, the "Individual Defendants"). The motion asserts that the complaint fails to state a claim upon which this Court may afford her relief. (ECF No. 15). For the reasons stated herein, the motion is granted in part and denied in part.

**I.    PROCEDURAL HISTORY**

On September 8, 2022, Plaintiff filed a complaint against the Defendants alleging that her employment was terminated based on her race and in retaliation for her prior protected activity against the Defendants in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Ohio Civil Rights Act, Chapter 4112 of the Ohio Revised Code (the "Revised Code"). (ECF No. 1, PageID 2–3).

On October 5, 2022, the Individual Defendants filed a motion to dismiss, arguing that neither Title VII nor the Revised Code permit liability against individual employees who allegedly engaged in discriminatory or retaliatory conduct. (ECF No. 15, PageID 70).

1

On October 17, 2022, Plaintiff opposed Individual Defendants' motion. (ECF No. 17). Plaintiff admitted that the Title VII claims against the Individual Defendants are not permissible, but she countered that the Revised Code does not bar liability for claims of retaliation or aiding and abetting discrimination against individual employees. *Id*.

On October 31, 2022, the Individual Defendants replied in support of their motion to dismiss. (ECF No. 18). The Individual Defendants asserted that Plaintiff failed to state claims alleging retaliation or aiding and abetting discrimination by them. *Id*.

## II. LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in the Plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Federal Rule of Civil Procedure 8 provides that a pleading setting forth a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction ... ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FRCP 8(a)(1)–(3). The statement required by Rule 8(a)(2) is intended "to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). This requirement ensures "that the defending party can prepare an adequate answer." *The State Bank & Trust Co. v. Spaeth (In re Motorwerks, Inc.)*, 371 B.R. 281, 292 (Bankr. S.D. Ohio 2007). Pursuant to this rule, "the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003) (internal quotation marks and citations omitted). If the pleading is sufficient to put the defendant on notice of the grounds for which plaintiff is seeking relief, the pleading will satisfy the requirements of Rule 8(a)(2) "notwithstanding plaintiff's failure to ... cite the relevant statute." *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 2007 WL 1344183, at *1 (E.D. Mich. May 4, 2007).

### III. ANALYSIS

    The Individual Defendants allege that Plaintiff failed to state a claim pursuant to Title VII and the Revised Code. (ECF No. 15). Defendants argue that neither Title VII nor the Revised Code permit liability against individual employees who allegedly engage in discriminatory or retaliatory conduct. (*Id.* at PageID 70). The Individual Defendants request that the Title VII and Revised Code claims against them be dismissed with prejudice. *Id.*

#### A. Title VII

    Plaintiff did not oppose Individual Defendants' motion to dismiss her Title VII claims against them. (ECF No. 17). The Sixth Circuit has long held that individual employees cannot be subject to liability under Title VII. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001) ("The law in this

Circuit is clear that a supervisor who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII."); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.").

Accordingly, count one and count two are **DISMISSED WITH PREJUDICE** against the Individual Defendants.

### B. Ohio Civil Rights Act- Retaliation

In count three, Plaintiff asserts claims of discrimination and retaliation in violation of the Ohio Civil Rights Acts, Ohio Revised Code §§ 4112.01, *et seq.*, (2022 Supp.). (ECF No. 1, PageID 16–17). Defendants argue that they are not subject to liability under the Revised Code and any claims against them should be dismissed. (ECF No. 15, PageID 77–78). In response, Plaintiff argues that Individual Defendants are subject to liability under the Revised Code for retaliation under O.R.C. § 4112.02(I). (ECF No. 17). The Individual Defendants reply that the complaint does not include the specific claim for retaliation, so Plaintiff fails to state a claim for which relief can be granted. (ECF No. 18).

In addressing the issue that Revised Code subsections 4112.02(I) and 4112.02(J) are not cited explicitly in the Plaintiff's original complaint, this Court follows the Sixth Circuit in its application of *Twombly* stating that a complaint need only allege facts upon which relief can be granted, regardless of its form. *Gean*, 330 F.3d 758. Here, Plaintiff not only alleged facts upon which relief could be granted, but she did so in an adequate fashion to allow Defendants to prepare an answer. (ECF No. 1). Further, Plaintiff alleges a violation under "Ohio Revised Code §§ 4112.01, *et seq.*, (2022 Supp.)," a citation that includes both O.R.C. § 4112.02(I) and O.R.C. § 4112.02(J). (*Id*. at PageID 2). Therefore, the Court will consider whether Plaintiff has

4

sufficiently pleaded a claim under O.R.C. § 4112.02(I) and O.R.C. § 4112.02(J) against the Individual Defendants.

    O.R.C. § 4112.02(I) defines an unlawful discriminatory practice as the following:

> For any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.

To establish retaliation under this statute, a plaintiff must prove that "(1) she engaged in a protected activity, (2) the defending party was aware that the claimant had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected activity and adverse action." *Greer-Burger v. Temesi*, 879 N.E.2d 174, 180 (Ohio 2007). To satisfy the second element, the plaintiff must show that the defending party had actual knowledge of the plaintiff's protected activity as opposed to "general corporate knowledge" of the activity. *Rembert v. Swagelok Co.*, 604 F. Supp. 3d 670, 694 (N.D. Ohio 2022) ("This element cannot be met merely by showing that the defendant had 'general corporate knowledge' of the protected activity; rather, the plaintiff must present evidence that the decisionmaker had actual knowledge of the protected activity.").

    The requirements to establish an adverse employment action in the context of retaliation differ from the requirements to establish an adverse employment action in the context of discrimination. *Moody v. Ohio Dep't of Mental Health & Addiction Servs.*, 183 N.E.3d 21, 33 (Ohio Ct. App. 10th Dist. 2021) (defining an adverse employment action under a discrimination claim to be "a materially adverse change in the terms and conditions of the plaintiff's employment."). In the context of retaliation, however, an adverse employment action is defined as an action that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. at 37 (citation omitted).

To establish a causal connection between the protected activity and the adverse employment action, Plaintiff "must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action." *Gibson v. Shelly Co.*, 314 F.App'x 760, 772 (6th Cir. 2008) (*quoting Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000)). When considering inferential evidence of a causal connection, Ohio courts look at temporal proximity. *Dautartas v. Abbott Laboratories*, 2012-Ohio-1709, ¶ 54 (Ohio Ct. App. 10th Dist. 2012) ("Close temporal proximity between the employer's knowledge of the protected activity and the adverse employment action may constitute evidence of a causal connection for purposes of satisfying a prima facie case of retaliation.") (*citing Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). *See Moody*, 183 N.E.3d at 38 (citation omitted) (noting that a two-month gap between the protected activity and an adverse employment action was "sufficient to establish a prima facie case of retaliation"); *Haji v. Columbus City Schools*, 621 F.App'x 309, 313 (6th Cir. 2015) (finding a three-month gap sufficient).

1. **Protected Activity**

Plaintiff alleges that she engaged in a protected activity under O.R.C. § 4112 when she reported racially discriminatory conduct to Dr. Shannon Perkins, Ph.D., Dr. William Smucker, Dr. Rebecca Teagarden, Dr. Yoleeta Ilodi, Dr. Chenowith, Dr. Bortell, and Dr. Kelley. (ECF No. 1, PageID 5–7, 11). Plaintiff further alleges that she engaged in protected activity by filing two formal complaints of discriminatory conduct: 1) a complaint using the "SafeCare" reporting service provided internally by Summa Health System, and 2) a complaint regarding discriminatory conduct filed with the Accreditation Council for Graduate Medical Education ("ACGME"). (ECF No. 1, PageID 9,11).

6

2. **Defending Parties Aware**

Plaintiff alleges that Dr. Chenowith became aware and gained actual knowledge of her protected activity when Plaintiff complained of discriminatory conduct to him on October 13, 2020. (ECF No. 1, PageID 7). Plaintiff alleges that Dr. Bortell addressed Plaintiff's discrimination complaint when meeting with Plaintiff on November 3, 2020. *Id*. Plaintiff alleges that she met with Dr. Kelley on January 21, 2021 to address the formal complaint she filed against Dr. Fay, Dr. Thiel, and Dr. Bortell. (ECF No. 1, PageID 11). Plaintiff further alleges that Dr. Thiel and Dr. Fay were aware of her formal complaint. (ECF No. 1, PageID 8). However, Plaintiff does not allege how or when Dr. Thiel or Dr. Fay was made aware of this protected activity. The pleadings are not sufficient to establish that Dr. Thiel and Dr. Fay had anything beyond "general corporate knowledge" of her protected activity. To satisfy the requirements of the prima facie case of retaliation, "actual knowledge" is required by Defendants Thiel and Fay, a standard above the general corporate knowledge alleged by Plaintiff. *Rembert*, 604 F. Supp. 3d at 694.

3. **Adverse Employment Action**

Plaintiff alleges that Dr. Bortell took adverse employment action against her on two occasions. First, Dr. Bortell stated to Plaintiff, in response to her complaints of discriminatory conduct by Dr. Thiel and Dr. Fay, "[h]ow is it fair that they have to walk around here and have people think they are racist?" (ECF No. 1, PageID 7). It is plausible this statement "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Moody*, 183 N.E.3d at 37. Plaintiff further alleges that Dr. Bortell recommended that Plaintiff be dismissed from the Family Medicine Residency Program, which led to Plaintiff's termination. (ECF No. 1, PageID 13). This recommendation caused a materially adverse change to the terms and conditions of Plaintiff's employment. *Moody*, 183 N.E.3d at 33.

Plaintiff alleges that Dr. Kelley upheld the decision to dismiss Plaintiff from the Family Medicine Residency Program on June 29, 2021. (ECF No. 1, PageID 13). Dismissal from the residency program was a materially adverse change in the terms and conditions of Plaintiff's employment, which qualifies as an adverse employment action. Construing the allegations in the complaint in the light most favorable to the Plaintiff, Dr. Kelley's decision to uphold Dr. Bortell's recommendation of dismissal is plausibly an adverse employment action, satisfying the third element of the prima facie case for retaliation.

4. **Causal Connection**

Plaintiff does not allege a direct causal connection between the protected activity and the adverse employment actions of Dr. Bortell and Dr. Kelley. However, numerous factual allegations in the complaint could plausibly establish the temporal proximity of the events as inferential evidence of a causal connection. The first adverse employment action taken by Dr. Bortell on November 3, 2020, occurred three months after Plaintiff's formal complaints to Dr. Smucker and Dr. Teagarden, and one month after Plaintiff's complaint to Dr. Chenowith. (ECF No. 1, PageID 5, 7). The Sixth Circuit has previously held that an adverse employment action taken within three months of a protected activity is sufficient temporal proximity to establish a causal connection. *Haji*, 621 F.App'x at 313. Plaintiff alleges that a meeting with Dr. Bortell wherein Plaintiff was reprimanded for her formal complaints falls within that timeframe. (ECF No. 1, PageID 5, 7).

Plaintiff alleges that Dr. Bortell's recommendation to dismiss Plaintiff from the Summa Family Medicine Residency Program was causally connected to Plaintiff filing her ACGME complaint. (ECF No. 1, PageID 12–13). Dr. Bortell recommended dismissal on June 1, 2021, four days after the Summa Family Medicine Residency Program was notified of Plaintiff's ACGME

complaint. *Id*. Plaintiff sufficiently alleged a causal connection between the protected activity and Dr. Bortell's second adverse employment action, based on the temporal proximity of the events.

Plaintiff alleges that Dr. Kelley upholding the dismissal recommendation of Dr. Bortell also was causally connected to Plaintiff's ACGME complaint. (ECF No. 1, PageID 12–13). This occurred on June 29, 2021, one month after the Summa Family Medicine Residency Program was notified of Plaintiff's ACGME complaint. *Id*. Plaintiff sufficiently alleged a causal connection between the protected activity and Dr. Kelley's adverse employment action based on the temporal proximity of the events.

Plaintiff failed to sufficiently plead a claim for retaliation against Dr. Thiel, Dr. Fay, and Dr. Chenowith. However, Plaintiff has sufficiently pleaded a claim for retaliation against Dr. Bortell and Dr. Kelley under O.R.C. § 4112.02(I).

### C. Ohio Civil Rights Act- Discrimination

In response to the motion to dismiss, Plaintiff argues that Individual Defendants are subject to liability for aiding and abetting discriminatory conduct under O.R.C. § 4112.02(J). (ECF No. 17). In reply, the Individual Defendants argue that the complaint did not specifically state any claim of aiding and abetting, and therefore Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 18).

Under Revised Code § 4112.02(J) it is an unlawful discriminatory practice for "any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." To determine an individual's liability under O.R.C. § 4112.02(J): "[the plaintiff] must allege that [the individual] facilitated [the employer's] active violation of Chapter 4112." *Chulsky v. Golden Corral Corp.*, 583 F.Supp.3d 1059, 1087 (S.D. Ohio 2022). Aiding and

9

abetting requires the defendant to have been "involved in or actually made" the violative decision or action in question. *Id*. at 1088.

1. **Dr. Thiel and Dr. Fay**

Plaintiff alleges that Dr. Thiel and Dr. Fay discriminated against her during her time in the Family Medicine Residency Program at Summa Health System. (ECF No. 1, PageID 5, 7). Specifically, Plaintiff alleges that Dr. Thiel and Dr. Fay treated her more harshly based on her race by humiliating her and scrutinizing her work more closely than fellow white residents. *Id*. Plaintiff did not allege that Dr. Thiel and Dr. Fay facilitated any active violation of Chapter 4112 by Summa Health, but rather she alleges they themselves were in violation of Chapter 4112. As discussed previously, discrimination and harassment claims like these cannot be brought against individual employees under the Revised Code. Thus, Plaintiff's claims against Dr. Thiel and Dr. Fay pursuant to O.R.C. § 4112.02(J) are not sufficiently pleaded.

2. **Dr. Bortell, Dr. Kelley, and Dr. Chenowith**

First, Plaintiff alleges that she submitted a complaint within "Safecare," an internal program at Summa Health System to report grievances such as discrimination claims, on December 15, 2020. (ECF No. 1, PageID 9). Plaintiff further alleges that Dr. Bortell, Dr. Kelley, and Dr. Chenowith replaced her six-month evaluation, previously issued on November 19, 2020, with a new evaluation on December 21, 2020 that placed her on a remediation plan just days after she submitted her Safecare complaint. *Id*. Dr. Bortell, Dr. Kelley, and Dr. Chenowith made the decision to place Plaintiff on the remediation plan. *Id*.

Second, Plaintiff alleges throughout the complaint that her colleagues Dr. Thiel and Dr. Fay discriminated against her based on race. (ECF No. 1, PageID 5–12). Plaintiff further alleges that she made formal complaints regarding that discriminatory conduct to Dr. Bortell, Dr. Chenowith,

and Dr. Kelley. (ECF No. 1, PageID 7–13). Finally, Plaintiff contends that Dr. Bortell and Dr. Kelley recommended and approved her dismissal, respectively, from the Family Medicine Residency Program at Summa Health because of racial discrimination. (ECF No. 1, PageID 13). Plaintiff alleges that Dr. Bortell, Dr. Chenowith, and Dr. Kelley facilitated Summa Health System's violation of Chapter 4112 through their inaction regarding Plaintiff's complaints. (ECF No. 1, PageID 9). Plaintiff further asserts that Dr. Bortell and Dr. Kelley facilitated Summa Health System's violation of Chapter 4112 through her dismissal from the program. (ECF No. 1, PageID 13). Construing the allegations in the light most favorable to Plaintiff, it is plausible that Dr. Bortell, Dr. Kelley, and Dr. Chenowith facilitated their employer's alleged violation of Chapter 4112.

## IV. CONCLUSION

Defendants' motion is **GRANTED** in part and **DENIED** in part. Count one and count two are **DISMISSED WITH PREJUDICE** against the Individual Defendants. The Court finds that Plaintiff failed to state a claim under the Revised Code upon which relief may be granted against Dr. Thiel and Dr. Fay and **DISMISSES WITHOUT PREJUDICE** count three against Dr. Thiel and Dr. Fay. The Court finds that Plaintiff failed to state a claim of retaliatory conduct under O.R.C. § 4112.02(I) against Dr. Chenowith. Plaintiff adequately pleaded a claim of retaliatory conduct under O.R.C. § 4112.02(I) against Dr. Bortell and Dr. Kelley. Plaintiff adequately pleaded a claim of aiding and abetting discriminatory conduct under O.R.C. § 4112.02(J) against Dr. Chenowith, Dr. Bortell, and Dr. Kelley. Consequently, under count three, an O.R.C. § 4112.02(I) claim remains against Dr. Bortell and Dr. Kelley, while an O.R.C. § 4112.02(J) claim remains against Dr. Chenowith, Dr. Bortell, and Dr. Kelley. The Court will exercise supplemental

jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the remaining claims and Defendants under count three.

**IT IS SO ORDERED.**

Date: September 15, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**